IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CHAD SMITH,

     Plaintiff,

v.              CIVIL ACTION NO.   3:21-0649

BRANDON OILER,
a police officer for the City of Hurricane;
WILLIAM M. MULLINS,
a police officer for the City of Hurricane;
STEPHEN LUSHER,
a police officer for the City of Hurricane; and
JOHN DOE,
a police officer for the City of Hurricane,

     Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' Motion to Dismiss Certain Claims (ECF No. 10). For the reasons herein, the Motion is **GRANTED**.

**I. FACTUAL BACKGROUND**

On December 13, 2021, Plaintiff Chad Smith filed a Complaint alleging that Defendants Brandon Oiler, William M. Mullins, Stephen Lusher, and John Doe (collectively "Defendants") used wrongful and excessive force in arresting him. *See e.g.,* Compl., ECF No. 1. Specifically, on September 29, 2020, Plaintiff was at home in his apartment with his wife and daughter. *Id*. ¶ 7. Defendants arrived at his apartment and loudly banged on his door, so forcefully that it shook the floor of an apartment two floors down. *Id*. ¶¶ 8-9. Defendants did not identify themselves, state why they were at the apartment, or have a warrant to enter the apartment. *Id*. ¶¶ 10-11. Plaintiff

answered his door to find Oiler with his gun drawn and pointed at Plaintiff. *Id*. ¶ 14. Though Plaintiff asked, Defendants refused to explain why they were at the apartment. *Id*. ¶¶ 15-16. Instead, Oiler grabbed Plaintiff and began to pull him to the ground. *Id*. ¶ 17. Two other officers also grabbed Plaintiff and tackled him to the ground, without explanation for their actions. *Id*. ¶¶ 18-19.

Defendants then handcuffed Plaintiff while he was on the ground. *Id*. ¶ 22. Defendants eventually made Plaintiff stand and led him to their vehicles. *Id.* ¶ 23. Defendants forcefully attempted to shove Plaintiff into the vehicle despite his attempts to cooperate by getting into the car and his statements explaining the same. *Id*. ¶¶ 24-25. Defendants continued to order Plaintiff into the car; Defendant Lusher kicked and kneed him, causing his wrists to bleed, and repeatedly threatened to tase Plaintiff. *Id. ¶¶* 27-29. Eventually Plaintiff was able to dive into the backseat of the vehicle, with his chest down and legs behind him, touching his hands. *Id*. ¶ 30. Defendants slammed the door of their vehicle on Plaintiff's legs and feet. *Id.* ¶ 31. Defendants kept Plaintiff in this position as they drove him to the police station and refused to answer questions regarding his detention. *Id.* ¶¶ 32-33. Defendants informed Plaintiff he was going to jail but did not provide any more information. *Id*. ¶ 34. When Plaintiff asked for Defendants' names and badge numbers, they refused to provide them. *Id*. ¶¶ 35-36. Defendant Oiler told Plaintiff he was "hyped up on calls," because he had previously been involved in a high-speed chase where he was forced to shoot and kill a suspect. *Id*. ¶¶ 37-38.

Plaintiff suffered physical injuries to his face, hands, chest, legs, and back, for which he sought medical treatment at the Teays Valley Hospital Emergency Department. *Id. ¶¶* 39-40. Plaintiff was later diagnosed with various injuries. *Id*. ¶ 41. Plaintiff was arrested for obstructing an officer; this charge was later dismissed. *Id*. ¶¶ 42-43. Plaintiff filed this action alleging multiple

violations of 42 U.S.C. § 1983, state constitutional violations, battery, assault, and negligence. Defendants moved to dismiss the state constitutional violations claim (Count III) and negligence claim (Count VI) against them. Mot. to Dismiss at 1. Plaintiff responded, indicating that he did not oppose dismissal of these counts. Pl.'s Resp. at 1, ECF No. 12. Accordingly, the Motion is ripe for resolution.

## II. LEGAL STANDARD

To survive a motion to dismiss, a plaintiff's complaint must contain "a short and plain statement of the claim showing [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The facts contained in the statement need not be probable, but the statement must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In considering the plausibility of a plaintiff's claim, the Court must accept all factual allegations in the complaint as true. *Id.* Still, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).

Whether a plausible claim is stated in a complaint requires a court to conduct a context-specific analysis, drawing upon the court's own judicial experience and common sense. *Id*. at 679. If the court finds from its analysis that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id*. (quoting, in part, Fed. R. Civ. P. 8(a)(2)). Nonetheless, a plaintiff need not show that success is probable to withstand a motion to dismiss. *Twombly*, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy

judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.").

### III. ANALYSIS

A. Count III: State Constitutional Tort

Plaintiff alleged that Defendants violated his constitutional rights under Article III, Sections 1, 5, 6, and 10 of the West Virginia Constitution. Compl. ¶ 66. Defendants correctly assert that all the state constitutional tort claims should be dismissed as a matter of law. Defs.' Mem. in Supp. at 4-7, ECF No. 11.

*i. Article III, Section 1*

Article III, Section 1 of the West Virginia Constitution provides that:

All men are, by nature, equally free and independent, and have certain inherent rights, of which, when they enter into a state of society, they cannot, by any compact, deprive or divest their posterity, namely: The enjoyment of life and liberty, with the means of acquiring and possessing property, and of pursuing and obtaining happiness and safety.

W.V. Const. art. III, § 1. This section, entitled the Bill of Rights, "is a statement of basic principle" and does not independently give rise to a cause of action. *Krein v. W. Va. State Police*, No. 2:11-cv-00962, 2012 WL 2470015, at *6 n.6 (S.D. W. Va. June 27, 2012) (quoting *Allen v. State Human Rights Comm.*, 324 S.E.2d 99, 109 (W. Va. 1984)). *See also Meade v. Mynes*, No. 19-CV-00647, 2020 WL 3697974, at *3 (S.D.W. Va. 2020) (same); *Spry v. W. Virginia*, No. 2:16-cv-01785, 2017 WL 440733, at *10 (S.D. W. Va. Feb. 1, 2017) (same); *Murray v. Matheney*, No. 2:13-cv-15798, 2017 WL 4849113, at *7 (S.D. W. Va. Oct. 26, 2017) (same). Accordingly, this claim is hereby **DISMISSED** as there is no such cause of action in West Virginia.

*ii. Article III, Section 6*

"West Virginia does not recognize a private right of action for monetary damages for a violation of Article III, Section 6 of the West Virginia Constitution." Syl. Pt. 3, *Fields v.*

*Mellinger*, 851 S.E.2d 789 (W. Va. 2020). Given that Plaintiff only seeks monetary damages, he has not alleged a cognizable claim. *See* Compl. at 14. Accordingly, his claim under Art. III, Section 6 of the West Virginia Constitution is also **DISMISSED**.

    *iii. Article III, Section 5*

Courts in this district have held that Article III, Section 5 of the West Virginia Constitution does not independently give rise to claims for money damages. *See e.g., Howard v. Ballard*, No. 2:13-CV-11006, 2015 WL 1481836, at *4 (S.D.W. Va. Mar. 31, 2015). While *Fields* did not explicitly address Section 5 of Article III, "several facets of the decision strongly suggest that its analysis applies with equal force to Section 5." *Anderson v. Barkley*, No. 2:19-cv-00198, 2020 WL 7753290, at *2 (S.D.W. Va. Dec. 29, 2020); *see also Harrah v. Leverette*, 271 S.E.2d 322 (W. Va. 1980). As discussed above, Plaintiff only seeks monetary damages. Accordingly, his claim under Art. III, Section 5 of the West Virginia Constitution is also **DISMISSED**.

    *iv. Article III, Section 10*

Article III, Section 10 is "West Virginia's equivalent to the federal Due Process Clause", which provides that "[n]o person shall be deprived of life, liberty, or property, without due process of law, and the judgment of his peers." *Murray*, 2017 WL 4849113, at *8 (citation and internal quotation marks omitted). Due process claims are not cognizable where a specific constitutional provision governs the alleged conduct. *See United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) ("[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.").

All of Plaintiff's state constitutional claims are predicated on allegations of excessive force and false arrest. *See* Compl. ¶¶ 65-72. It is well established in this district that "claims of excessive

force are more appropriately analyzed under the more textually specific Fourth Amendment (and its state analog) than the more generalized due process clause." *Krein*, 2012 WL 2470015, at *6, n.6; *see also Nutter v. Mellinger*, 2:19-cv-00787, 2020 WL 401790, at *6 (S.D. W. Va. Jan. 23, 2020); *Harper v. C.O. Joseph Barbagallo*, No. 2:14-cv-07529, 2016 WL 5419442, at *13 (S.D. W. Va. Sept. 27, 2016). Similarly, because false arrest claims are governed by the Fourth Amendment, this allegation fails for the same reason. *See Graham v. Connor*, 490 U.S. 386, 396-97 (1989); *Smith v. Reddy* 101 F.3d 351, 356 (4th Cir. 1996).

Therefore, Plaintiff's claim under Article III, Section 10 of the West Virginia Constitution is **DISMISSED**.

B. Count VI: Negligence

Defendants argue that the negligence claim must be dismissed as it cannot form the basis of a constitutional violation, particularly the Fourth Amendment. Defs.' Mem. at 7-8. As the Supreme Court has noted:

> Violation of the Fourth Amendment requires an intentional acquisition of physical control. A seizure occurs even when an unintended person or thing is the object of the detention or taking, but the detention or taking itself must be willful. This is implicit in the word "seizure," which can hardly be applied to an unknowing act.

*Brower v. County of Inyo*, 489 U.S. 593, 596 (internal citations omitted). Further, "[a] mere allegation of negligence does not turn an intentional tort into negligent conduct." *Weigle v. Pifer*, 139 F. Supp. 3d 760, 780 (S.D.W. Va. 2015) (citations omitted). In other words, "[c]onduct that supports a negligence claim can be distinguished from conduct that supports an intentional tort claim by examining the subjective intent of the alleged tortfeasor." *Id.*; *see also Wilkes v. Raleigh Cty.*, No. 5:17-CV-03606, 2018 WL 1513004, at *4 (S.D.W. Va. Mar. 27, 2018). "Intentional torts, as distinguished from negligent or reckless torts ... generally require that the actor intend the

consequences of an act, not simply the act itself." *Kawaauhau v. Geiger*, 523 U.S. 57, 62 (1998) (internal quotations omitted). Here, Plaintiff only alleges that "defendants were negligent in the performance of their duties," yet the duties performed were the unreasonable seizure in violation of the Fourth Amendment which is, by its terms, intentional. Compl. ¶¶ 49-51,79. Plaintiff appears to admit as much, given that in the negligence claim, Plaintiff notes that Defendants' actions were "reprehensible, willful, wanton, malicious…." *Id*. ¶ 81. Accordingly, Plaintiff's negligence claim must also be **DISMISSED**.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Certain Claims (ECF No. 10) is **GRANTED** and Counts III and VI are **DISMISSED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: February 8, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE