**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

CHAD SMITH,

                Plaintiff,

v.                                  CIVIL ACTION NO.   3:21-0649

BRANDON OILER,
a police officer for the City of Hurricane;
WILLIAM M. MULLINS,
a police officer for the City of Hurricane;
STEPHEN LUSHER,
a police officer for the City of Hurricane; and
JOHN DOE,
a police officer for the City of Hurricane,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Defendants' Motion to Strike Plaintiff's Expert Witness (ECF No. 34) and Supplemental Motion to Strike (ECF No. 37). For the reasons herein, the Motions are **DENIED**.

On February 2, 2022, this Court entered the Scheduling Order in this case. ECF No. 14. Pursuant to this order, Plaintiff was to make Rule 26(a)(2)(A) and (B) disclosures by June 24, 2022. *Id*. ¶ 3. On June 24, 2022, Defendants' counsel received an email asking for an extension of that deadline until Monday, June 27, 2022, to which he replied, "[n]o problem." *See* Ex. 1, ECF No. 34-1. However, the disclosures were not filed until June 29, 2022. *See* ECF No. 33.

Plaintiff disclosed one retained expert witness – Michael Lyman, Ph. D. *See* Ex. 2, ECF No. 37-1. The disclosure included Lyman's CV and a list of past deposition, hearing, and trial

testimony; it did not contain a report. *See id*. The disclosure also contained the following information:

> Dr. Lyman is an expert in police practices and procedures. Dr. Lyman will testify that the use of force, detainment, and arrest by the defendants against the plaintiff was in violation of the law, was unreasonable, and was not consistent with widely accepted police practices and policies. Dr. Lyman's curriculum vitae is attached hereto as Exhibit #1. Any report prepared by Dr. Lyman will be provided promptly to the defendants.

*Id*. at 1. Defendants state that they have not been provided a report in the time since. Defendants then filed this Motion to Strike. ECF No. 34. They supplemented that Motion on July 28, 2022, to include a copy of Plaintiff's Rule 26 disclosures. Plaintiff responded on August 4, 2022, and Defendants did not otherwise reply. ECF No. 39.

Rule 26(a)(2)(B) requires disclosure of retained witnesses – that is one who is "retained or specifically employed to give expert testimony in the case," to be accompanied by "a written report" which contains:

> **(i)** a complete statement of all opinions the witness will express and the basis and reasons for them;
> **(ii)** the facts or data considered by the witness in forming them;
> **(iii)** any exhibits that will be used to summarize or support them;
> **(iv)** the witness's qualifications, including a list of all publications authored in the previous 10 years;
> **(v)** a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> **(vi)** a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). Plaintiff's disclosure did not contain this information, and thus, exclusion may be a proper remedy unless substantially justified or harmless. *See* Fed. R. Civ. P. 37.

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides:

> [i]f a party fails to provide information or identify a witness as required by 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or

harmless. In addition to or instead of this sanction, the court of motion and after giving an opportunity to be heard [may impose other appropriate sanctions].

To determine whether evidence should be excluded under Rule 37(c)(1), the Fourth Circuit has adopted a five-factor test to determine whether nondisclosure was "substantially justified or harmless:"

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). "District courts have 'broad discretion' to decide harmlessness and 'should'—not 'shall'—'be guided by' the five factors." *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014) (quoting *S. States*, 318 F.3d at 597).

Defendants argue that Plaintiff's disclosure did not comply with the standard set forth under Rule 26(a)(2). *See* Mot. at 3. While Defendants acknowledge that Dr. Lyman may not have had enough information or evidence to formulate an opinion or prepare a report, and that Plaintiff and his wife were not deposed until June 28, 2022, they argue that Dr. Lyman still had ample time to interview others and review Defendants' responses, which were filed well in advance of Plaintiff's disclosure deadline. *Id*. Thus, they argue, Dr. Lyman should be excluded, because there is no evidence that the same was substantially justified or harmless.

But here, upon review of Plaintiff's response, the Court is convinced that the factors favor a finding of substantial justification/harmlessness. First, regarding surprise to Defendants, the disclosure Plaintiff provided, while incomplete, put Defendants on notice of the subject of Dr. Lyman's testimony. Second, Defendants will be able to cure the surprise. The Court will extend the deadline, so Defendants' expert has adequate time to supplement his report in response. Third,

allowing the evidence and the accompanying extensions needed for both parties to supplement is unlikely to disrupt trial. The trial is currently scheduled for February 22, 2023, more than six months from now.

As to the importance of the evidence, Plaintiff's expert will testify on whether Defendants' conduct was unlawful, the sole issue at trial in this case, and they identify the testimony as of "the utmost importance." *See* Pl's Resp. at 5. But "if the expert's testimony is important to the [nonmoving party's] case in the eyes of the jury, then it was even more important to the [moving party] that the evidence be disclosed in a timely manner." *See Brock v. Cabot Oil & Gas Corp.*, No. 2:17-CV-02331, 2018 WL 850094, at *2 (S.D.W. Va. Feb. 13, 2018). This factor thus weighs slightly in favor of inclusion, since to the extent it was untimely, there is no harm to Defendants and Defendants bear some responsibility in the delay.

Perhaps most importantly, however, Plaintiff has explained why he failed to disclose. As shown in his interrogatories, Plaintiff sought documents to provide to his expert for his report, including an employee handbook, complete personnel files, and recordings related to law enforcement officers going to plaintiff's home, as early as March 2022. *See* ECF No. 39-1. In response, Defendants said they would supplement their discovery requests in the near future. *See* ECF No. 39-2 at 7-9. Plaintiff counsel also asked for potential dates for depositions of Defendants on May 5, 2022. ECF No. 39-3. By June 27, 2022, when Plaintiff's counsel had still not received any suggested dates or supplemental discovery responses, he followed up on his requests. ECF No. 39-4. Plaintiff did not include a report with the disclosure because he had not received either the supplemental discovery responses or been given deposition dates for Defendants. This constitutes substantial justification.

For the foregoing reasons, Defendants' Motions are **DENIED**. The Court will extend the expert disclosure deadlines as follows:

Expert Witnesses: The party bearing the burden of proof on an issue shall make the disclosures of information required by Fed. R. Civ. P. 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than **September 5, 2022**. The party not bearing the burden of proof on an issue shall make the disclosures required by Fed. R. Civ. P. 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than **October 3, 2022**. All parties shall provide the disclosures required by Fed. R. Civ. P. 26(a)(2)(A) and (B) if the evidence is intended solely to contradict or rebut evidence on the same issue identified by another party under Fed. R. Civ. P. 26(a)(2)(B), no later than **October 17, 2022**. Further, any supplemental report shall be due within fourteen days of the deposition deadline

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        August 24, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE